UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DALE ALAN CURTIS, | § | |
| TDCJ #644162, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-0312 |
| | § | |
| FERNATOR J SMITH, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Dale Alan Curtis filed this civil rights suit under 42 U.S.C. § 1983 alleging that defendants unlawfully seized his personal property and retaliated against him for exercising his right to access the courts, among other complaints. Curtis proceeds *pro se* and has paid the filing fee. Defendants Fernator J. Smith and Captain Yolanda James have filed an answer (Dkt. 18). Defendants have not yet filed their dispositive motion(s).

Plaintiff filed a motion for temporary restraining order and preliminary injunction (Dkt. 17) regarding an alleged confiscation of his legal property.[1] He complains of actions by James E. Blake, Jr., Assistant Warden Patrick, and Senior Warden Mary Ann Comstock-King, none of whom are defendants in this lawsuit. Plaintiff's primary complaint appears to be that Blake "threatened" to confiscate Plaintiff's legal material

---

[1] Plaintiff also presents arguments pertaining to his previous motions for relief (Dkt. 3, Dkt. 4), which the Court already has denied. *See* Order (Dkt. 11).

and stated that he could force Plaintiff to choose between having the property destroyed or having it sent home:

> On September 26, 2018, James E. Blake Jr., Assistant Warden Patrick and Senior Warden Mary [A]nn Comstock-King came into Plaintiff's dorm (C-1). Mr. Blake threa[tened] Plaintiff with confiscation of Plaintiff's legal property. Plaintiff informed Mr. Blake the legal material was/is active in court. *Mr. Blake then stated, he could/can confiscate Plaintiff's legal material and make Plaintiff send it home and not allowed [sic] to have it sent back in or destroy the property.* Mr. Blake made a statement he has the law on his side. This statement makes Plaintiff concerned of what type or arrangements have been made with the Texas Attorney General's Office and/or with this Court to deny /deprive Plaintiff between September 5th and September 26th for Mr. Blake to ma[k]e a statement of this type with such confidence. The above shows why this restraining order and preliminary injunction is [sic] needed now.

(Dkt. 17, at 2) (emphasis added). Plaintiff makes no allegation of recent actions by Defendants Smith or James, or by any other Defendant named in his complaint.

Plaintiff seeks emergency injunctive relief. A plaintiff seeking a preliminary injunction must establish "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018) (citations omitted). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). A preliminary injunction "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements."

*PCI Transportation Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (internal quotation marks and citations omitted).

Section 1983, 42 U.S.C. § 1983, provides a vehicle for a claim against a person "acting under color of state law," such as a state prison official, for a constitutional violation. See *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002). The Fourteenth Amendment protects against the deprivation of one's property by state actors without due process of law. *See Parratt v. Taylor*, 451 U.S. 527, 536-37 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). However, if state law provides an adequate post-deprivation remedy, a negligent or intentional deprivation of property by state officials' random and unauthorized action does not rise to the level of a constitutional violation. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Texas provides a remedy for inmates whose property has been taken in an unauthorized manner. *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); *Aguilar v. Chastain*, 923 S.W.2d 740, 743-44 (Tex. Crim. App. 1996); *see also* TEX. GOV'T CODE §§ 501.007, 501.008.

Given the controlling law under *Parratt*, *Hudson*, and their progeny, Plaintiff has not adequately alleged facts showing a "substantial likelihood of success on the merits" of any claim regarding Blake's alleged threat to confiscate his legal property. *See Jones*, 880 F.3d at 759. To the extent he describes a negligent or intentional deprivation by Blake's unauthorized action, he has a state law remedy as set forth above. Moreover,

Blake is not a defendant in this action, nor is any other person Plaintiff names as involved in the events of September 26, 2018.[2]

The Court therefore **ORDERS** that Plaintiff's motion for temporary restraining order and preliminary injunction (Dkt. 17) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 8th day of January, 2019.

_____
George C. Hanks Jr.
United States District Judge

---

[2] Plaintiff's arguments in his motion regarding the actions of Defendants Smith and James in 2017 will be addressed, as appropriate, when the Court rules on Defendants' dispositive motion(s).